IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BELINDA C. WATSON, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX-18-00048 |
| ADT, LLC, | * | |
| Defendants. | ****** | |

**MEMORANDUM OPINION**

On October 11, 2017, Belinda C. Watson ("Watson") filed her Complaint in the Circuit Court for Prince George's County, asserting common law fraud and wrongful termination claims against Defendant ADT, LLC ("ADT"). ECF No. 2 at 2. ADT removed the action to this Court pursuant to diversity jurisdiction. ECF No. 1; 28 U.S.C. § 1332. On January 12, 2018, ADT moved to dismiss all claims under Federal Rule of Civil Procedure 12(b)(6). *See* ECF No. 9-1. The Court now rules because no hearing is necessary. Loc. R. 105.6. For the foregoing reasons, the motion to dismiss, ECF No. 9, is GRANTED.

**I.     BACKGROUND**

The following facts are taken from the Complaint and accepted as true for purposes of this motion. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011). Plaintiff Belinda C. Watson ("Watson") began working for ADT, LLC ("ADT") in 1996, and was terminated on October 29, 2014. ECF No. 2 at 1 ¶¶ 1–4. Shortly thereafter, Watson complained formally to the Equal Employment Opportunity Commission ("EEOC"), alleging that ADT discriminated against her and that she had been the victim of retaliation. ECF No. 2-1 at 2.

1

On October 11, 2017, Watson filed suit against ADT in the Circuit Court for Prince George's County, Maryland, for common law claims of fraud and wrongful discharge. ECF No. 2. In the Complaint, Watson alleges more particularly that ADT did not compensate her for the three hours per week she was expected to cold-call clients, nor did ADT pay her sales commissions prior to her termination. ECF No. 2 at 2 ¶¶ 1–3. Watson further asserts that she could not physically reach the requisite quota for sales leads because of the large geographic area to which she was assigned. ECF No. 2 at ¶ 8.

ADT properly removed the action to this Court, and then moved to dismiss all claims pursuant to Rule 12(b)(6) and Local Rule 105. *See* ECF Nos. 1, 9-1. Watson, who filed the Complaint with the assistance of counsel, now proceeds *pro* se. Watson responded to ADT's pending motion to dismiss, in which she argued that "the motion is premature in that no discovery has been produced," and that she would supplement that pleading with a memorandum of law. ECF No. 12. Watson has not submitted any further pleadings to the Court, and the time for doing so is long past. ECF No. 12 at 1. The Court now rules because the Complaint plainly fails to state a claim, and any supplemental briefing on the pending motion would not aid the Court in any further determination.

**II.    STANDARD OF REVIEW**

In ruling on a Rule 12(b)(6) motion to dismiss, a plaintiff's well-pleaded allegations are accepted as true and the complaint is viewed in the light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].'" *EEOC v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). To survive a motion to dismiss, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are

true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). " '[N]aked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.' " *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557).

## III. DISCUSSION

*A. Fraud (Count One)*

Taking the facts as pleaded in the Complaint, Watson plainly fails to state a claim for fraud. Under Maryland law, to state a claim for fraud a plaintiff must plausibly aver that: (1) the defendant made a false statement; (2) the defendant was aware that the statement was false; (3) the misrepresentation was made for the purpose of defrauding the plaintiff; (4) the plaintiff not only relied upon the misrepresentation, but had the right to do so, and would not have taken that action if the false statement had not been made; and (5) as a direct result of the misrepresentation, the plaintiffs suffered damages. *See James v. Weisheit*, 279 Md. 41, 44 (1977); *Barr v. Flagstar Bank*, FSB, 303 F. Supp. 3d 400 (D. Md. 2018). Additionally, all claims alleging fraud must be pleaded with particularity. *See* Fed. R. Civ. 9(b); *see also Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 784 (4th Cir. 1999); *Bell v. Bank of Am., N.A.,* No. RDB-13-0478, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013). The claim, at a minimum, must identify the "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison* 176 F.3d at 784 (citation omitted).

Although the Complaint generally discusses Watson's concerns regarding ADT's failure

to property compensate her, nowhere does it allege any false statements or omissions. The Complaint does not reference any person from ADT having made any false representation about her compensation or ADT's commission policies, or that she suffered damages from such a misrepresentation. *See generally* ECF No. 2. Watson does not state when or where then alleged fraud occurred, or point to a particular individual responsible for the alleged fraud.[1] ECF No. 2 at ¶¶ 1–3. Accordingly, Count One is dismissed.

### B. Wrongful Termination (Count Two)

"Employment agreements in Maryland are presumptively at-will," and an employer can legally terminate an at-will employee at any time for almost any reason. *See Harig v. Progress Rail Servs. Corp.*, 166 F. Supp. 3d 542, 550 (D. Md. 2015); *Suburban Hosp., Inc. v. Dwiggins*, 324 Md. 294, 303 (1991). However, an at-will employee may still state a viable wrongful termination claim if the employee had been fired in violation of a clear mandate of public policy. *See Wholey v. Sears Roebuck*, 370 Md. 38, 50–51 (2002); *Silvera v. Home Depot U.S.A., Inc.*, 189 F. Supp. 2d 304, 309 (D. Md. 2002). Terminations in violation of public policy are narrowly circumscribed and "limited to situations where the employee has been terminated for exercising a specific legal right or duty or where the employee has been fired for refusing to violate the law or the legal rights of a third party." *Silvera* 189 F. Supp. 2d at 309-10. The plaintiff must "specifically identify the clear mandate of Maryland public policy that was violated by his termination." *Terry v. Legato Sys., Inc.,* 241 F. Supp. 2d 566, 569 (D. Md. 2003) (quoting *Szaller v. Am. Nat. Red Cross*, 293 F.3d 148, 151 (4th Cir. 2002)).

The Complaint, once again, is bereft of factual allegations supporting the necessary elements for wrongful termination. Nowhere does the Complaint aver that Watson's termination somehow violated a clear mandate of public policy. *See* ECF No. 2. As best as the Court can

---

[1] The Complaint identifies only a "former supervisor" and generally "Defendant." ECF No. 2 at 2 ¶ 1-3.

discern, Watson takes issue with her termination based on ADT's required sales quotas that had been "impossible" to meet. *See generally* ECF No. 2. The Court cannot plausibly infer that ADTs termination on these grounds contravened a "clear mandate of public policy." *Terry*, 241 F. Supp. 2d at 569.

Watson also incorporates her post-termination formal complaints to the EEOC in which she alleges that ADT discriminated against her and fired her in retaliation. *See* ECF Nos. 2-1, 2-2, 2-3, 2-4. However, nowhere does Watson allege in the Complaint that ADT discriminated or retaliated against her. ECF No. 2. Alternatively, the incorporated documents do not advance Watson's wrongful termination claim because in Maryland, wrongful discharge is solely available as "a remedy for otherwise unremedied violations of public policy." *Porterfield v. Mascari II, Inc.,* 374 Md. 402, 423–24 (2003); *see also Makovi v. Sherwin-Williams Co.*, 316 Md. 603, 613–19 (1989) (citing cases in which courts dismissed wrongful discharge claims because a "statutory exception already exist[ed] to redress violations of that public policy."). Watson's complained-of treatment, as reflected in the EEOC documents, is squarely addressed by a number of federal and state anti-discrimination statutes. *See, e.g.* Md. Code. Ann., State Gov't § 20-602; *see also Perry v. Dillon's Bus Serv., Inc.*, No. ELH-16-3207, 2017 WL 2537011, at *11 (D. Md. June 9, 2017); *Anderson v. Johns Hopkins Bayview Med. Ctr., Inc.*, No. 16-1567-JFM, 2017 WL 220136, at *6 (D. Md. Jan. 18, 2017). Accordingly, Count Two is dismissed.

## IV. CONCLUSION

Watson's Complaint fails to state a claim for common law fraud or wrongful termination. Accordingly, it is this 26 day of June, 2018, ORDERED by the United States District Court for the District of Maryland:

1. Defendant ADT's Motion to Dismiss, ECF No. 9, is GRANTED, and Plaintiff BELINDA C. WATSON's Complaint, ECF No. 2, is DISMISSED;

2. The Clerk shall transmit copies of this Memorandum Opinion and Order to the parties and CLOSE this case.

| 6/26/2018 | /s/ |
|---|---|
| Date | Paula Xinis<br>United States District Judge |